AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of New Mexico

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Angel LEAL-GAMINO | ) Case No. | |
| | ) | |
| | ) | 16 mj 2441 |
| | ) | |
| *Defendant(s)* | | |

*FILED UNITED STATES DISTRICT COURT ALBUQUERQUE, NEW MEXICO*

*MAY 26 2016*

*MATTHEW J. DYKMAN*
*CLERK*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 25, 2016__ in the county of __Bernalillo__ in the _____ Judicial District of __New Mexico__, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 USC 841 (a) (1), (b) (1) (A) | Possession with Intent to Distribute a Controlled Substance, to wit: 500 grams or more of Methamphetamine. |

This criminal complaint is based on these facts:

See Attached Affidavit

☐ Continued on the attached sheet.

_____
*Complainant's signature*

Clarence Davis, DEA Task Force Officer
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  05/26/2016

_____
*Judge's signature*

City and state:  Albuquerque, New Mexico

Kirtan Khalsa, U.S. Magistrate Judge
_____
*Printed name and title*

# AFFIDAVIT

On May 25, 2016, Drug Enforcement Administration (DEA) Task Force Officer (TFO) ⸺CLARENCE DAVIS and Special Agent (S/A) Jarrell W. Perry were at the Greyhound Bus Station in Albuquerque, New Mexico when the eastbound bus arrived for its regularly scheduled stop in Albuquerque, New Mexico.

TFO Davis approached a male, who was later identified as Angel LEAL-GAMINO, who was sitting in the bus station lobby. TFO Davis displayed his DEA badge to LEAL-GAMINO and identified himself as a police officer. TFO Davis asked for and received permission to speak with LEAL-GAMINO.

During a short conversation with LEAL-GAMINO, TFO Davis observed a black duffle bag sitting on a chair next to LEAL-GAMINO. TFO Davis observed the duffle bag had a men's winter jacket sitting on top of the bag. TFO Davis pointed to the bag and asked LEAL-GAMINO if the bag was the only luggage he was traveling with. LEAL-GAMINO stated it was, and TFO Davis asked for and received permission to search the bag for contraband.

As TFO Davis reached for the previously mentioned duffle bag, LEAL-GAMINO took possession of the men's jacket and placed it on a seat adjacent to where he was seated.

TFO Davis completed a search of the black duffle bag with negative results. TFO Davis asked LEAL-GAMINO for and received permission to conduct a pat down search of his person. TFO Davis completed the pat down search with negative results.

Upon conclusion of the previously mentioned searches, TFO Davis pointed to the men's jacket and asked LEAL-GAMINO if the jacket belonged to him. LEAL-GAMINO advised the jacket belonged to him, at which time TFO Davis asked "will you give me permission to search this as well". LEAL-GAMINO nodded his head in agreement. TFO Davis took possession of the jacket and found it contained a travel pillow which was wrapped in the jacket. Upon grasping the pillow, TFO Davis could feel a hard package contained within the pillow.

TFO Davis immediately recognized the package as being consistent with a package of illegal drugs based on its size and the fact it was contained in a pillow. TFO Davis subsequently placed LEAL-GAMINO under arrest and he was handcuffed. TFO Davis unzipped the pillow, viewed the contents and observed a plastic bundle containing a white substance, which appeared consistent with illegal drugs.

TFO Davis transported LEAL-GAMINO to the Albuquerque District Office (ADO). At the ADO, TFO Davis photographed the aforementioned pillow and removed two white bundles wrapped in plastic and scotch tape. TFO Davis weighed the bundles and found a gross weight of .95 kilograms (2.09 gross pounds). TFO Davis knew based on his training and experience that

this amount is indicative of distribution and far exceeds amounts associated with personal use. TFO Davis field-tested the substance, after cutting into one of the packages, which contained a white crystalline substance and found a positive presumptive result for methamphetamine.

This affidavit is submitted for the limited purpose of providing probable cause to support the attached criminal complaint.

*[signature]*
Clarence Davis
Task Force Officer
Drug Enforcement Administration

Subscribed to & Sworn before me on May 26, 2016
*[signature]*
United States Magistrate Judge